139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Lawrence WALDBURGER, Defendant-Appellant.
 No. 97-10191.
D.C. No. CR-95-00159-1-MHP.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 9, 1998.**
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Northern District of California Marilyn H. Patel, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lawrence Waldburger appeals his 24-month sentence following his guilty plea to wire fraud in violation of 18 U.S.C. § 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's interpretation of the Sentencing Guidelines. See United States v. Robinson, 94 F.3d 1325, 1327 (9th Cir.1996). We review the district court's application of the Sentencing Guidelines to the facts for an abuse of discretion. See id. We review the district court's findings of fact underlying a sentencing decision for clear error. See id.
 
 
 4
 Waldburger first contends that the district court erred by calculating the amount of loss pursuant to U.S.S.G. § 2F1.1 without considering funds recovered by the fraud victims in bankruptcy proceedings. This contention lacks merit.
 
 
 5
 In fraudulent loan application cases where a defendant obtains a loan by misrepresenting the value of his assets, "the loss is the amount of the loan not repaid at the time the offense is discovered," reduced by the amount the creditor has recovered from "assets pledged to secure the loan." U.S.S.G. § 2F1.1, comment. (n. 7(b)) (1995).
 
 
 6
 Here, the district court did not err by calculating the amount of loss for purposes of calculating Waldburger's offense level without reducing the amount of loss by the funds recovered in bankruptcy proceedings by creditors of Waldburger's company. The district court found that the extensions of credit made to Waldburger's company were not secured.[1] Thus, the reduction noted in Application Note 7(b) for amounts recovered from assets pledged to secure the loan is not applicable here. Accordingly, the district court properly calculated the loss without a reduction for funds recovered in bankruptcy proceedings. See U.S.S.G. § 2F1.1, comment., (n. 7(b)).
 
 
 7
 Waldburger also contends that the district court erred by finding that the time the offense was discovered was the date that creditors filed an involuntary bankruptcy petition against Waldburger's company rather than the date when investigators confirmed that false financial statements were filed. This contention lacks merit because "the loss need not be determined with precision. The court need only make a reasonable estimate of the loss, given the available information." U.S.S.G. § 2F1.1 comment. (n. 8). The district court's finding that, in the absence of more precise information, the date of the involuntary bankruptcy petition filed against Waldburger's company by some of the fraud victims was the date of discovery of the fraud is not clearly erroneous.[2] See Robinson, 94 F.3d at 1327.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This factual finding is not clearly erroneous. Waldburger argued to the district court that the transactions at issue here were similar to secured transactions. He cannot argue on appeal that the transactions were actually secured. See United States v. Queseda, 972 F.2d 281, 283-84 (9th Cir.1992) (stating that issue not presented to the district court is waived)
 
 
 [2]
 The district court did not violate Federal Rule of Criminal Procedure 32 by failing to resolving disputed facts at sentencing. See United States v. Stein, 127 F.3d 777, 780-81 (9th Cir.1997). We reject Waldburger's contention that Application Note 8 which permits calculation of the loss by use of reasonable estimates is inconsistent with U.S.S.G. § 6A1.3 or Waldburger's due process rights